# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ANDRE MICHAEL LAFONTAINE, III, Defendant. | No. 15-CR-77-LRR  **ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Andre Michael LaFontaine, III's "Motion for Judgment of Acquittal and Motion for New Trial" ("Motion") (docket no. 60), which Defendant filed in light of the jury's guilty verdict.

## II. RELEVANT PROCEDURAL BACKGROUND

On August 12, 2015, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c).

On October 14, 2015, a jury trial commenced. On October 14, 2015, at the close of the government's evidence, Defendant moved for a judgment of acquittal, and the court denied the motion. *See* October 14, 2015 Minute Entry (docket no. 51) at 1. On October 14, 2015, the jury returned a guilty verdict on Count 1. Jury Verdict (docket no. 55).

On October 28, 2015, Defendant filed the Motion, requesting that the court grant a judgment of acquittal, or, in the alternative, grant a new trial. *See* Motion at 1. On November 3, 2015, the government filed a Resistance (docket no. 62). Defendant has not filed a reply, and the time for doing so has expired. *See* LCrR 47(a) ("Local Rule 7 governs motion procedure in criminal cases."); LR 7(g) ("[T]he moving party may, within

7 days after a resistance to a motion is served, file a reply brief."). The matter is fully submitted and ready for decision.

### III. RELEVANT TRIAL EVIDENCE[1]

Viewed in the light most favorable to the government, the trial evidence showed that on July 20, 2015 Defendant called the Department of Justice ("DOJ") and left a voice message. On July 21, 2015, Defendant's voice message was received by Jennifer LaPoint, an employee with the DOJ Office of Professional Responsibility. LaPoint notified DOJ security of the voice message and a security officer came to listen to it. The voice message states, in part: "So what I'm telling you for the last fuckin' time is that if this fuckin' writ isn't satisfied or investigated properly, these judges in Eldora are gonna get their fuckin' throats cut, you fuckin' niggers better do your fuckin' job!"

At trial, Federal Protective Service Special Agent Steven Kieffer testified that he conducted an investigation regarding the voice message. He was notified of the voice message on July 21, 2015 and interviewed Defendant on July 23, 2015 at Defendant's home in Iowa Falls, Iowa. During the interview, Kieffer asked Defendant if he understood that the statements in the voice message were threatening and whether Defendant intended those statements to be a threat. Defendant responded that he understood the statements to be threatening and that he intended them to be a threat. Defendant told Kieffer that he wanted someone to investigate his complaints about court personnel and local law enforcement.

Following the interview, Kieffer arrested Defendant and searched his residence, seizing a variety of materials including various documents related to Defendant's state court conviction in Eldora, Iowa. In the course of his investigation, Kieffer learned that Defendant had been arrested for operating a motor vehicle while intoxicated in November

---

[1] When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

of 2010. Following his conviction for that offense, Defendant appealed and the appellate court affirmed his conviction. Defendant subsequently filed lawsuits against the Iowa Falls Police Department and two individual police officers, which were dismissed. Defendant contacted the Federal Bureau of Investigation ("FBI") to intervene on his behalf regarding an alleged violation of Defendant's civil rights and spoke several times with Agent Craig Tomlinson. However, Tomlinson found that there was no evidence supporting Defendant's allegations and the FBI decided not to pursue an investigation.

At trial, United States Marshal's Service Deputy Nicholas Bonifazi testified that, at a time prior to the July 2015 voice message, he investigated a complaint against Defendant by an employee of the United States District Court for the Northern District of Iowa. The complaint involved a perceived threatening communication. During Bonifazi's conversation with Defendant about the communication, Defendant denied threatening a court employee and stated that to do so would be foolish. Bonifazi's investigation did not continue after his conversation with Defendant.

The evidence at trial also established that Defendant made other phone calls to government offices on July 20, 2015, none of which involved any reported threats.

### IV. MOTION FOR JUDGMENT OF ACQUITTAL

#### A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit

3

of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id*. Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id*. (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

### *B. Analysis*

Defendant argues that he is entitled to a judgment of acquittal because the government presented insufficient evidence that Defendant "either intended for his communication to be threatening, or that he knew it would be viewed as threatening." Brief in Support of the Motion (docket no. 60-1) at 4.

The court instructed the jury that the government must prove the following elements:

> 1. On or about July 20, 2015, the defendant knowingly transmitted a communication in interstate commerce, to wit, a message via telephone, as follows:
>
>> Yeah my name is Andre Michael Lafontaine, the third. I'm from Iowa Falls, Iowa, co-state litigant. What I've done is sent you fuckin' retards evidence of corruption multitude of times. I'm getting really fuckin' sick and tired of you people disregarding all the evidence, the profound evidence, that I've sent you, and put in front of Craig, special agent of the FBI, Craig Tomlinson' face—and have him call me while I record him and tell me that the evidence is no fucking good. So what I'm telling you for the last fuckin' time is that if this fuckin' writ isn't satisfied or investigated properly, these judges in

4

>                    Eldora are gonna get their fuckin' throats cut.
>                    You fuckin' niggers better do your fuckin' job.
>
>           2.       The communication contained a threat to injure another
>                    person; and
>
>           3.       The defendant intended the communication to be
>                    threatening and/or knew it would be considered
>                    threatening.

Final Jury Instructions (docket no. 53) at 12.

Defendant argues that the government's evidence was insufficient because "the government presented circumstantial evidence of . . . [D]efendant's mental state," that is, "that the defendant intended to threaten (or knew the voice message would be viewed as a threat [to]) judges in Eldora because of his OWI conviction, dismissed lawsuits, and the FBI's decision to not pursue an investigation of the Iowa Fall Police Department." Brief in Support of the Motion at 4-5. Defendant argues that because he rebutted evidence of his mental state with circumstantial evidence of his own, including his lack of frustration with the judge during his OWI trial and "the absence of anger when he . . . spoke to Special Agent Kieffer and other law enforcement officers," there was insufficient evidence upon which a jury could convict. *See id.* at 5.

The government argues that it presented "more than sufficient evidence to sustain the jury verdict." Resistance at 5. The government states that it was uncontroverted that Defendant left the voice message and that Defendant placed the call in interstate commerce. *Id.* Furthermore, the government argues that "there was no evidence to contest [D]efendant's admission that he intended the voice [message] to be threatening." *Id.* at 5.

The court concludes that the government presented sufficient evidence to support the jury's conclusion that Defendant intended his communication to be threatening or knew it would be considered threatening. The fact that Defendant presented circumstantial evidence to attempt to rebut the government's evidence does not support a finding that

5

there was insufficient evidence for the jury to convict. *See United States v. Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011) ("[The] court does not weigh the credibility of the witnesses or the evidence. The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict."). Here, the jury heard testimony from Kieffer that Defendant stated that he intended the communication to be threatening. The fact that Defendant behaved respectfully during his OWI trial and made other non-threatening telephone calls to government officials does not cancel out Kieffer's testimony. Therefore, the court finds that a "'reasonable jury could have concluded that . . . [D]efendant was guilty beyond a reasonable doubt,'" *United States v. White Bull*, 646 F.3d 1082, 1087 (8th Cir. 2011) (quoting *United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005)), because the government presented sufficient evidence that Defendant intended for the communication to be threatening. Accordingly, the court shall deny the Motion to the extent it seeks a judgment of acquittal.

## V.  MOTION FOR NEW TRIAL

### A.  Legal Standard

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation mark omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's standard of review for a motion for new trial differs from the standard applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (reiterating applicable standard).

### *B. Analysis*

Defendant generally argues that the court should vacate the judgment and order a new trial because the court permitted "the government to introduce evidence of . . . [D]efendant's statements to law enforcement regarding his alleged threat to the court employee as evidence of [D]efendant's intent or lack of mistake." Brief in Support of the Motion at 6. Defendant argues that this evidence constitutes "impermissible 'propensity' evidence" and that such evidence was not relevant to a material trial issue, in violation of Federal Rule of Evidence 404(b). *Id.* Furthermore, Defendant argues that the

7

admission of this evidence "resulted in undue prejudice to . . . [D]efendant that substantially outweighed [its] probative value" and that "the weight of the evidence favors a new trial in the interests of justice." *Id.*

The government argues that it "did not elicit the substance of any alleged threats" to court employees, "and only introduced the fact that, in a prior investigation of a perceived threat, [D]efendant denied doing anything threatening and acknowledged it would be wrong to do so, or words to that effect." Resistance at 7.

### *1. Admissibility of Defendant's statements*

Defendant argues that the court erred by permitting the government to introduce Defendant's statements regarding his alleged threat to a court employee. Defendant argues that this evidence was impermissible under Rule 404(b) and 403. However, the court has already ruled on these arguments. *See* October 14, 2015 Order (docket no. 48) at 4-5. Defendant does not present any additional argument that the court should have excluded this evidence. Thus, for the reasons stated in the court's October 14, 2015 Order, the court shall deny the Motion to the extent it seeks a new trial on the basis that such evidence was impermissible or resulted in unfair prejudice.

### *2. Weight of the evidence*

Defendant argues that "the weight of the evidence favors a new trial in the interests of justice." Brief in Support of the Motion at 6. Defendant does not expand on his argument or identify what specific evidence supports granting a new trial in the interest of justice. The evidence at trial included testimony that Defendant stated that he intended the voice message to be threatening. Nothing in the record "preponderates sufficiently heavily against the verdict," to warrant a new trial. *See Lincoln*, 630 F.2d at 1319. Accordingly, the court shall deny the Motion to the extent it seeks a new trial in the interest of justice.

## VI.  CONCLUSION

In light of the foregoing, Defendant Andre Michael LaFontaine III's "Motion for Judgment of Acquittal and Motion for New Trial" (docket no. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 7th day of December, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA